## UNION BARGE LINE CORPORATION v. UNITED STATES.
### Civil Action No. 1684.

District Court, W. D. Pennsylvania.

Feb. 19, 1942.

Moorhead & Knox, of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Robert T. Reynolds, Jr., Sp. Assts. to Atty. Gen., for defendant.

McVICAR, District Judge.

This action is before us on defendant's motion, under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the dismissal thereof, for the reason that the complaint fails to state a claim upon which relief can be granted, and also fails to state a claim within the jurisdiction of this court.

In plaintiff's complaint it is alleged that it claims judgment against the defendant for such sum as may be legally due by reason of the payment of any additional income taxes which it may be required to pay to the State of Pennsylvania for the year 1935.

Plaintiff further averred in its complaint that it had filed with the Collector of Internal Revenue at Pittsburgh, its claim for refund in an unstated amount, for income taxes paid by it for the year 1935; that said claim was refused November 2, 1939, except for an amount of $10.57; that no settlement of plaintiff's Pennsylvania corporate income tax for the year 1935 has as yet been made by said state, and that claims of officers of said state "if ultimately sustained will result in the imposition of additional taxes in an unknown amount;" if plaintiff is required to pay an additional income tax to the State of Pennsylvania, it will be entitled to an additional deduction for federal income tax paid for the year 1935; that plaintiff has made repeated efforts to secure a determination of its liability for additional Pennsylvania income tax for the year 1935, but that no final settlement has yet been made; and that plaintiff files its suit to "prevent the statute of limitations" from running against its right to a refund in the event that it should ultimately be required to pay additional Pennsylvania income tax for the year 1935.·

Rule 3 of the Rules of Civil Procedure provides: "A civil action is commenced by filing a complaint with the court."

Rule 8 provides: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Rule 12(b) provides that the following defense may, at the option of the pleader, be made by motion—"failure to state a claim upon which relief can be granted."

This action is brought under the provisions of Title 28 U.S.C.A. § 41(20), the pertinent provisions of which provide:

"Section 41. (Judicial Code, section 24, amended.) Original jurisdiction. The district courts shall have original jurisdiction as follows:

\* \* \* \* \* \* \*

"(20) Suits against United States. Twentieth. Concurrent with the Court of Claims \* \* \* of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced. \* \* \* All suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury."

The complaint fails to allege a cause of action under the aforesaid Act because there is no allegation that any internal revenue tax was erroneously or illegally assessed or collected, or that any penalty was collected without any authority, or that any sum was excessive or wrongfully collected. The United States can only be sued in actions wherein it has granted authority for such an action, and then, only on such conditions as it imposes.

The complaint, also, under Rule 12(b), fails to state a claim upon which relief can be granted.

The motion of the defendant should be granted for the reasons aforestated.